# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

| | |
|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, ) ) ) Stakeholder, ) ) v. ) ) DOROTHY FAYE RILEY; LINDA S. MITCHELL; and CHRISTINE WHITT, in her capacity as trustee of THE JOAN DONNA SULICH REVOCABLE LIVING TRUST, ) ) ) ) ) ) ) Claimants. ) ) And in the Alternative ) ) CHRISTINE WHITT, in her capacity as Trustee of THE JOAN DONNA SULICH REVOCABLE LIVING TRUST, ) ) ) ) Plaintiff, ) ) v. ) ) ARVEST INVESTMENTS, INC., ) ) Defendant ) | Civil Action No. 6:22-cv-06091-SOH |

**CLAIMAINT CHRISTINE WHITT AS TRUSTEE FOR THE JOAN DONNA SULICH REVOCABLE LIVING TRUST'S AMENDED ANSWER TO WESTERN-SOUTHERN LIFE ASSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER AND CROSSCLAIM FOR DECLARATORY JUDGMENT**

1

COMES NOW, Separate Claimant Christine Whitt, Trustee for the Joan Donna Sulich Revocable Living Trust, (hereinafter "Trustee"), by and through her attorney, Wesley W. Harris of Farrar & Williams, PLLC, and hereby files this amended answer to the Complaint for Interpleader by generally denying each and every material allegation contained in the Complaint, except as may be specifically admitted or denied herein.

Separate Claimant, further, respectfully submits to the Court her crossclaim for Declaratory Judgment and third-party claim against Arvest Investments, Inc. as stated below.

## I.     ANSWER

1.     Trustee denies each and every allegation contained in Stakeholder's Complaint unless specifically admitted herein.

2.     Paragraph 1 contains legal allegations or conclusions that Trustee is not required to admit or deny.  Trustee admits there are potentially competing claims for certain funds being held by Western-Southern Assurance Company (hereinafter "Western-Southern"). However, Trustee states that the procedures for changing beneficiaries under Western-Southern's policies have been followed and there should not be any legitimate competing claims for the funds held by Western-Southern.

3.     Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.

4.     Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

5.     Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.

6.     Trustee admits the allegations in Paragraph 5.

7. Trustee admits the allegations in Paragraph 6.

8. Trustee admits the allegations in Paragraph 7.

9. Trustee admits the allegations in Paragraph 8.

10. Trustee admits the allegations in Paragraph 9.

11. Trustee admits the allegations in Paragraph 10.

12. Trustee admits the allegations in Paragraph 11.

13. Trustee admits the allegations in Paragraph 12.

14. Trustee admits the allegations in Paragraph 13.

15. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14. Trustee states that the Decedent changed the annuity beneficiaries pursuant to the Multi-Rate Annuity Contracts 9446 and 7569 ("Contracts") to name her Trust as primary beneficiary. The Contracts state that if you do not elect a Beneficiary Type, the Beneficiary Type will be considered Primary. Further, the Change Form does not state that a primary or contingent beneficiary must be selected to be valid.

16. Trustee admits the allegations in Paragraph 15.

17. Trustee admits the allegations in Paragraph 16.

18. Trustee admits the allegations in Paragraph 17.

19. Trustee admits the allegations in Paragraph 18.

20. Trustee admits the allegations in Paragraph 19. Trustee contends that the Joan Donna Sulich Revocable Trust ("Trust") is the primary beneficiary of the annuity proceeds held by Western-Southern due to the change form naming the Trust as sole beneficiary and there should not be any valid competing claims to the annuity proceeds.

21. Trustee admits the allegations in Paragraph 20.

22. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21. The Decedent followed Western-Southern's annuity contract policies as well as submitted a valid change form to Western-Southern so there should only be one valid claimant to the annuity proceeds.

23. Trustee admits the allegations in Paragraph 22.

24. Trustee denies the allegations in Paragraph 23.

25. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24.

26. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25.

27. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26.

28. Trustee lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27.

29. Trustee acknowledges and admits the allegations contained in paragraph 28 of the Complaint.

30. Pleading affirmatively, Trustee denies the wherefore clause of Stakeholder's Complaint. Further, Separate Claimant Whitt states that the Trust is the proper beneficiary to receive the annuity proceeds being held by Stakeholder and said proceeds should be paid directly to the Joan Donna Sulich Revocable Living Trust.

## **AFFIRMATIVE DEFENSE**

31. Separate Claimants Faye Riley and Linda Mitchell have no right to the Contract proceeds.

## **COUNT I – CROSSCLAIM FOR DECLARATORY JUDGMENT**

32. Separate Claimant/Crossclaimant Trustee incorporates the averments set forth in Paragraphs 1-31 as if they were fully set forth in this Count.

33. Trustee seeks a declaration of the rights of the party claimants to this action and their respective claims and entitlements under the Western-Southern annuity contracts, agreements and policies to the annuity proceeds which the Stakeholder, Western-Southern, deposited with this Court.

34. Trustee has no adequate remedy at law and therefore requires the issuance of a declaratory judgment in order to resolve this dispute.

**WHEREFORE**, Separate Claimant/Crossclaim Plaintiff Christine Whitt, Trustee of the Joan Donna Sulich Revocable Living Trust, respectfully requests that this Court enter judgment declaring that:

   a. The Joan Donna Sulich Revocable Living Trust is the sole beneficiary and sole owner of the Contracts and is entitled to all proceeds from the Contracts;

   b. Neither Western-Southern, Dorothy Faye Riley, nor Linda S. Mitchell has any interest in the Contracts or the proceeds of the Contracts;

   c. Western-Southern is not entitled to any reimbursement from the Contracts' proceeds for any sums paid in connection with its initiation and maintenance of, and participation in, this action;

   d. Western-Southern is required to pay to the Joan Donna Sulich Revocable Living Trust interest on the Contracts' proceeds at the statutory rate from the date of application for benefits under the Contracts;

   e. Trustee is entitled to attorneys' fees; and

    f.   Trustee is entitled to any other relief this Court deems just and proper.

                      Respectfully submitted,

                      WESLEY W. HARRIS
                      Attorney for Christine Whitt, Trustee of the
                      Joan Donna Sulich Revocable Living Trust
                      Farrar & Williams, PLLC
                      1720 Higdon Ferry Road, Suite 202
                      Hot Springs, AR 71913
                      (501) 525-4401
                      wesley@farrarwilliams.com

                      By: /s/ Wesley W. Harris
                          Wesley W. Harris, Bar No. 2019149

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 5th day of June, 2023, I electronically filed the foregoing via the ECF system which will send notification to the following:

Matthew House
James, House, Swann & Downing, P.A.
PO Box 3585
Little Rock, AR 72203
mhouse@jamesandhouse.com

Kyle P. Tate
The Tate Firm, PLLC
1720 Higdon Ferry Rd, #202
Hot Springs, AR 71913
ktate@thetatefirm.com

                      /s/ Wesley W. Harris
                      WESLEY W. HARRIS