IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, | ) ) ) | |
| Stakeholder, | ) ) ) | |
| v. | ) ) ) | |
| DOROTHY FAYE RILEY; LINDA S. MITCHELL; and CHRISTINE WHITT, in her capacity as trustee of THE JOAN DONNA SULICH REVOCABLE LIVING TRUST, | ) ) ) ) ) ) ) | Civil Action No. 6:22-CV-06091-SOH |
| Claimants. | ) | |

**SEPARATE CLAIMANTS DOROTHY FAYE RILEY AND LINDA S. MITCHELL'S AMENDED ANSWER TO WESTERN-SOUTHERN LIFE ASSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER**

Come Separate Claimants, Dorothy Faye Riley ("Faye") and Linda S. Mitchell ("Linda"), by and through their attorneys, James House, Swann, & Downing, P.A., and for their above-entitled Amended Answer state:

**Nature Of Action**

1. At the outset, Faye and Linda generally deny each and every allegation contained in Western-Southern Assurance Company's ("Western-Southern") August 19, 2022 Complaint For Interpleader ("the Complaint") not specifically admitted herein.

2. With regard to Paragraph 1 of the Complaint, Faye and Linda admit that this is a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 22 interpleader action to determine who is lawfully entitled to certain funds held by Western-Southern, and that the Court should make that

determination.

3. However, Faye and Linda affirmatively state that they, as the sisters and surviving heirs of the deceased, Joan Donna Sulich, and as the beneficiaries of her annuity proceeds, should be paid the entire amount of funds.

**Parties**

4. Faye and Linda lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore deny same.

5. Faye and Linda admit the allegations in Paragraph 3 of the Complaint.

6. Faye and Linda admit the allegations in Paragraph 4 of the Complaint.

7. Faye and Linda lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and therefore deny same.

8. Further, Faye and Linda have questions and concerns regarding the formation, construction, and validity of The Joan Donna Sulich Revocable Living Trust ("the Trust"), for which Separate Claimant Christine Whitt ("Christine") allegedly serves as Trustee.

**Jurisdiction And Venue**

9. Faye and Linda admit the allegations in Paragraph 6 of the Complaint.

10. Faye and Linda admit the allegations in Paragraph 7 of the Complaint.

11. Faye and Linda admit the allegations in Paragraph 8 of the Complaint.

**Interpleader**

12. Faye and Linda admit the allegations in Paragraph 9 of the Complaint.

13. Faye and Linda admit the allegations in Paragraph 10 of the Complaint.

14. Faye and Linda admit the allegations in Paragraph 11 of the Complaint.

15. Faye and Linda admit the allegations in Paragraph 12 of the Complaint.

16. Faye and Linda lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny same.

17. Faye and Linda affirmatively state that any attempt to designate the Trust as the new, sole beneficiary of both Annuities was invalid, void, and of no effect.

18. Faye and Linda lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny same.

19. Faye and Linda affirmatively state that any attempt to designate the Trust as the new, sole beneficiary of both Annuities was invalid, void, and of no effect.

20. Faye and Linda admit the allegations in Paragraph 15 of the Complaint.

21. Faye and Linda admit the allegations in Paragraph 16 of the Complaint.

22. Faye and Linda admit the allegations in Paragraph 17 of the Complaint.

23. Faye and Linda admit the allegations in Paragraph 18 of the Complaint.

24. Faye and Linda admit the allegations in Paragraph 19 of the Complaint.

25. Faye and Linda admit the allegations in Paragraph 20 of the Complaint.

26. However, Faye and Linda affirmatively state that they are the beneficiaries of the annuity proceeds held by Western-Southern because any attempted change of beneficiary was incomplete and ineffective at the time of Joan's death.

27. The Trust therefore has no right to the death benefit proceeds of the annuities in question.

28. Faye and Linda lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny same.

29. Faye and Linda deny the allegations in Paragraph 22 of the Complaint.

30. Faye and Linda admit the allegations in Paragraph 23 of the Complaint.

31. Faye and Linda deny the allegations in Paragraph 24 of the Complaint.

32. Faye and Linda affirmatively state that they, the sisters and surviving heirs of the deceased, Joan Donna Sulich, and beneficiaries of her annuity proceeds, should be paid the entire amount of funds.

33. Faye and Linda admit the allegations in Paragraph 25 of the Complaint.

34. Faye and Linda affirmatively state that they, the sisters and surviving heirs of the deceased, Joan Donna Sulich, and beneficiaries of her annuity proceeds, should be paid the entire amount of funds.

35. Faye and Linda deny the allegations in Paragraph 26 of the Complaint.

36. Faye and Linda affirmatively state that they, the sisters and surviving heirs of the deceased, Joan Donna Sulich, and beneficiaries of her annuity proceeds, should be paid the entire amount of funds.

37. Faye and Linda deny the allegations in Paragraph 27 of the Complaint.

38. Faye and Linda affirmatively state that they, the sisters and surviving heirs of the deceased, Joan Donna Sulich, and beneficiaries of her annuity proceeds, should be paid the entire amount of funds.

39. Faye and Linda deny the allegations contained in Paragraph 28 of the Complaint.

40. Faye and Linda deny all allegations in the Complaint not specifically admitted herein.

## **Affirmative Defense**

41. Faye and Linda assert that neither the Trust, its beneficiaries, nor Christine, who purports to act as Trustee of the Trust, has any right to the Contract proceeds.

42. Faye and Linda deny the WHEREFORE clause in the Complaint (inclusive of subsections (a) through (g)), and state affirmatively that they are the proper beneficiaries of the annuities which proceeds are being held by Western-Southern, and that said proceeds should be paid to them in full.

43. Faye and Linda assert that Western-Southern's Complaint fails to state sufficient facts in support of a claim for relief, such that it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

44. Faye and Linda reserve the right to further amend their Answer, or assert counter-claims, cross-claims, or third-party claims, as discovery proceeds and this case is developed.

### COUNT I---RILEY AND MITCHELL'S CROSS-CLAIM FOR DECLARATORY JUDGMENT

45. Faye and Linda reassert the allegations set forth in the foregoing Paragraphs as if they were fully set forth in this Count.

46. Faye and Linda seek a declaration of the rights of the party-claimants to this action and their respective claims and entitlements under the Western-Southern annuity contracts, agreements, and policies to the annuity proceeds which the Stakeholder, Western-Southern, deposited with this Court.

47. Faye and Linda have no adequate remedy at law and therefore request the issuance of a declaratory judgment in order to resolve this dispute.

WHEREFORE, Separate Claimants / Cross-Claim Plaintiffs Faye Riley and Linda Mitchell, sisters of the deceased, Joan Donna Sulich, respectfully request that this Court enter a

judgment declaring that:

a. Faye Riley and Linda Mitchell are the sole beneficiaries and sole owners of the Contract and are entitled to all proceeds from the Contracts;

b. Neither the Joan Donna Sulich Revocable Living Trust, nor Christine Whitt individually, have any interest in the Contracts or in the proceeds of the Contracts;

c. Western-Southern is not entitled to any reimbursement from the Contracts' proceeds for any sums paid in connection with its initiation and maintenance of, and participation in, this action;

d. Western-Southern is required to pay, to Faye Riley and Linda Mitchell, interest on the Contracts' proceeds at the statutory rate from the date of application for benefits under the Contracts;

e. Faye Riley and Linda Mitchell are entitled to attorneys' fees; and

f. Faye Riley and Linda Mitchell are entitled to any other relief that this Court deems just and proper.

WHEREFORE, Separate Claimants Faye Riley and Linda Mitchell respectfully request that the Court determine them to be the beneficiaries of the Western-Southern Life Assurance Company annuity contracts issued to the deceased, Joan Donna Sulich, that the Court issue an Order directing the payments be made to Faye Riley and Linda Mitchell, and for their attorneys' fees, costs, and all other relief to which they are entitled.

Respectfully submitted,

 /s/ Matthew R. House
Matthew R. House, ABN 99150
James, House, Swann, & Downing, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72201
501-372-6555 – Telephone
501-372-6333 – Facsimile
mhouse@jamesandhouse.com

ATTORNEY FOR CLAIMANTS DOROTHY FAYE RILEY AND LINDA S. MITCHELL